UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ERIC T. SMITH** | : | **DOCKET NO. 17-cv-854** |
| DOC # 132195/12307 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **MAJOR VICTORIAN, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 8] filed pursuant to 42 U.S.C. § 1983 by plaintiff Eric T. Smith, who is proceeding *pro se* and *in forma pauperis* in this matter. Smith is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. However, his complaint relates to events that occurred while he was incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana.

### I.
#### BACKGROUND

Smith alleges that, on January 18, 2016, he was involved in an altercation with an inmate from the Jupiter tier and that inmate's brother. Doc. 8, p. 3. Afterwards he became aware that their friends were going to try to "jump" him (Smith). *Id.* Accordingly, one of Smith's friends called ACC Sergeant Tillis, who sent Smith to Command Post Captain Thibedeaux. *Id.* Smith states that Thibedeaux asked him questions and then went to the Jupiter tier. *Id.* During that time, Major Victorian arrived at work. *Id.* Smith contends that he also tried to talk to Victorian, but that Victorian would not see him. *Id.* at 3–4. When Thibedeaux returned from the dormitory, Smith

states, she spoke with Victorian and then told Smith that everything was under control and sent him back to the Jupiter tier, where he states that he was beaten and staff failed to intervene despite the presence of cameras. *Id.* at 4. He states that he was then moved to another tier, where he was beaten, stabbed, and chased a short time later. *Id.* at 4–5.

Smith maintains that the beatings would not have happened without Thibedeaux and Victorian sending him "back to Jupiter [and] telling [him] that everything is alright and that they got the situation under control." *Id.* at 5. Accordingly, he now brings suit against Thibedeaux, Victorian, and ACC Warden Keith Cooley, seeking monetary damages. *Id.* at 3, 6.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Smith has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. Amend Order

While Smith has pleaded a viable failure to protect claim as to Thibedeaux and Victorian, his claims are still deficient as to Warden Cooley. It is clear that the warden is named in a supervisory capacity, as he is not alleged to have any personal involvement in these events. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983 without personal involvement, a supervisory official must have failed to train or supervise the

officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Accordingly, Smith must amend to show a basis for Warden Cooley's liability in line with the above or dismiss the claims against him.

### III.
#### CONCLUSION

Smith's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Smith at his last address on file.

**IT IS ORDERED** that Smith amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Smith is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE